870 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harvey HOOVER, Plaintiff-Appellant,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Appellee.
 No. 88-1726.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 9, 1989.
Decided March 8, 1989.
 
 Frank A. Barton (Oswald & Associates on brief) for appellant.
 T. Eugene Allen, III (Nexsen, Pruet, Jacobs & Pollard on brief) for appellee.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harvey Hoover appeals from the grant of partial summary judgment to Westinghouse Electric Corporation on his strict liability claim for personal injury. He also appeals from the denial of his motion for a new trial following a jury verdict in favor of Westinghouse on his related property damage claim. We affirm.
 
 
 2
 While Hoover was employed by Daniel Construction Company from 1975 to 1980, he performed his work at a Westinghouse nuclear fuel processing facility in South Carolina. During this period, Hoover used his personal tools on the job and they remained on the site at all times. Both Hoover's personal injury and property damage claims were predicated on allegations that the tools were contaminated by radiation during this time.
 
 
 3
 The district court properly granted partial summary judgment to Westinghouse on the personal injury claim on the ground that Hoover's exclusive remedy is under The South Carolina Workers' Compensation Law, S.C. Code Ann. Secs. 42-1-10, et seq. (Law.Co-op.1985). Since Hoover was a statutory employee of Westinghouse, any alleged injury is specifically covered by the Law's provisions for "Ionizing Radiation Injury." Sections 42-13-10, et seq.
 
 
 4
 Further, Hoover has admitted throughout the litigation that he is not suffering from actual physical injury, but is only apprehensive about developing future health problems. Such a claim for emotional distress is not compensable under South Carolina law. See Kinard v. Augusta Sash & Door Co., 286 S.C. 579, 336 S.E.2d 465 (S.C.1985).
 
 
 5
 Hoover's property damage claim proceeded to trial and the jury returned a verdict in favor of Westinghouse. Hoover then moved for a new trial on the grounds that the district court erred in excluding his expert witness and testimony from another witness of the health hazards associated with radiation exposure, and in charging the jury on the defense of assumption of the risk. The court properly denied the motion. It was not an abuse of discretion to exclude the expert since Hoover had not timely named him as a potential trial witness or to exclude testimony of health hazards since the personal injury claim had already been resolved. Finally, Hoover's own testimony regarding his awareness of the risks of contamination of his tools, as well as other evidence, supported submission of the defense of assumption of the risk to the jury.
 
 
 6
 AFFIRMED.